UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEYUNNA E. TAYLOR

    Plaintiff,

v.

GATEWAY PEDIATRIC THERAPY, LLC et. al.,

    Defendants.

Case No. 24-10770
Honorable Laurie J. Michelson

**ORDER DENYING IN PART TAYLOR'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [49] AND TO SUPPLEMENT THE RECORD [62]**

Keyunna Taylor, a former employee of Gateway Pediatric Therapy, LLC, brings this *pro se* suit against her former employer and two of her former coworkers, Ghadir Safa and Vicki Nguyen, for employment discrimination. (ECF No. 1, PageID.1.) She seeks to add BrightSpring, a parent company of Gateway, as a defendant in the case and also to update her damages claims. So she filed a motion for leave to amend her complaint (ECF No. 49) and a proposed amended complaint (ECF No. 50). After Defendants filed a response opposing the motion and arguing that amendment would be futile (ECF No. 55), Taylor filed a motion to supplement the record with corporate documents confirming BrightSpring's status as a parent company of Gateway (ECF No. 62). The motion is more than fully briefed and does not require further argument. *See* E.D. Mich. LR 7.1(f).

The Court must determine whether "justice so requires" leave to amend. *See* Fed. R. Civ. P. 15(a)(2). "The decision as to when 'justice requires' an amendment is within the discretion of the trial judge." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citation and alteration omitted). "'To evaluate whether justice so requires, the court must consider . . . undue delay in filing[,] undue prejudice to the opposing party, and futility of amendment." *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 328 (6th Cir. 2020) (internal citations omitted); *see also Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile."). A motion to amend is futile "where a proposed amendment would not survive a motion to dismiss." *Id.* at 329.

Under the joint employer doctrine, "an entity that is not the plaintiff's formal employer may be treated . . . as if it were the employer for purposes of employment laws." *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 491 (6th Cir. 2011). "Entities are joint employers if they 'share or co-determine those matters governing essential terms and conditions of employment.'" *Nethery v. Quality Care Invs., L.P.*, 814 F. App'x 97, 103 (6th Cir. 2020) (quoting *E.E.O.C. v. Skanska USA Bldg., Inc.*, 550 F. App'x 253, 256 (6th Cir. 2013)). In determining whether BrightSpring was Taylor's joint employer, "the major factors include the 'entity's ability to hire, fire or discipline employees, affect their compensation and benefits, and direct and supervise their performance.'" *Id.* (quoting *Skanska*, 550 F. App'x at 256).

With respect to BrightSpring, Taylor's proposed amended complaint alleges that it "was the 70% owner of Gateway at the time of [her] employment" and that "[t]he Management Services Agreement between Gateway and BrightSpring (ResCare) places ultimate responsibility for human resources, compliance, training, and executive leadership with BrightSpring." (ECF No. 50, PageID.649.) BrightSpring was also obligated to "implement training programs." (*Id.*) Accepting these factual allegations as true and making all reasonable inferences in favor of Taylor, she has not pled a plausible claim that BrightSpring was her joint employer. Nor do the corporate and public records she seeks to reference (ECF No. 62) alter this conclusion. Taylor has not sufficiently alleged that BrightSpring had the ability to hire, fire or discipline her, affect her compensation and benefits, or direct and supervise her performance. *See Lee v. Eusa Pharma US LLC*, No. 22-cv-11145, 2023 U.S. Dist. LEXIS 76342, at *5–6 (E.D. Mich. May 2, 2023); *see also Williams v. Mastronardi Produce, Ltd.*, No. 23-13302, 2024 WL 4932716, at *6 (E.D. Mich. Dec. 2, 2024) (Finding that plaintiff's complaint did not include factual allegations regarding the relevant factors that could support a joint-employer theory of liability).

Thus, Taylor's request to add BrightSpring as a defendant is denied. She may, however, amend the complaint to conform the facts to those learned during discovery, including the modification to her damages claim. Thus, her motion to amend the complaint (ECF No. 49) is DENIED IN PART and GRANTED IN PART. Her motion to supplement the record (ECF No. 62) is DENIED. Her amended complaint (ECF No

50) is STRICKEN and she may file a new amended complaint consistent with this order by August 29.

    SO ORDERED.

Dated: August 20, 2025

                                        <u>s/Laurie J. Michelson</u>
                                        LAURIE J. MICHELSON
                                        United States District Judge